IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-076 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS; WESLEY O'NEAL, Correctional Unit Manager; FNU POSS, Correctional Officer; FNU SCOTT, Correctional Officer; FNU TAYLOR, Correctional Officer; ELLIS LORGE, Correctional Officer; and JAMES MASON, Correctional Officer, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, an inmate incarcerated at Baldwin State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events that occurred at Johnson State Prison. Before the Court are Plaintiff's motions for a temporary restraining order and to seize Defendants' person or property pursuant to Federal Rule of Civil Procedure 64. (Doc. nos. 9-1, 9-2, 13.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**.

**I.    BACKGROUND**

Plaintiff alleges he suffers from chronic instability of the left shoulder due to tendon and ligament damage, and has a history of recurring anterior dislocations, subluxation, and

pains in the left shoulder.  (Doc. no. 1, p. 7.)  Plaintiff further alleges a Georgia Department of Corrections ("GDOC") physician issued Plaintiff a "front-cuff" medical safety profile which requires all prison personnel to handcuff Plaintiff from the front.  (Id.)  If Plaintiff is not handcuffed with his hands in front, he risks recurring shoulder dislocations.  (Id. at 9.)  Plaintiff avers that while incarcerated at JSP, Defendants were deliberately indifferent to his medical needs by ignoring his front-cuff profile, handcuffed him numerous times from behind, and caused his left shoulder to dislocate, resulting in long-term pain and discomfort.  (See generally id.)

In his motion for a temporary restraining order, Plaintiff seeks a court order requiring Defendants to provide him with a physical examination by an orthopedic shoulder specialist, a treatment plan, and reasonable accommodations.  (Doc. no. 9.)  Plaintiff asserts he is likely to succeed on the merits because the failure to follow a physician's orders constitutes deliberate indifference, and continued disregard of his front-cuff profile will result in irreparable harm from subsequent shoulder dislocations.  (Doc. no. 11, pp. 4-8.)  Plaintiff further asserts that enforcement of the law will serve the public interest, and his suffering outweighs any damage or harm the injunction might cause Defendants.  (Id.)

In response, Defendants have provided medical evidence showing Plaintiff is currently being treated by Dr. Washington, an orthopedist, and is undergoing a treatment plan for his shoulder.  (Doc. no. 32-1.)  Dr. Washington ordered an MRI of Plaintiff's shoulder, and Plaintiff underwent MRI procedures twice.  However, Plaintiff did not complete the testing because he was unable to remain still during the procedure.  (Id. at 3.)  Recently, on June 6, 2017, medical professionals were able to successfully take an MRI of

Plaintiff's shoulder, and a follow-up assessment is scheduled. (Id. at 6.) Furthermore, Defendants have provided evidence showing Plaintiff has received numerous accommodations for his shoulder while incarcerated at Baldwin State Prison, including a front-cuff profile, a bottom bunk profile, a shoulder immobilizer, and a foam wedge/pillow. (Doc. no. 32-3.)

## II. DISCUSSION

### A. Plaintiff's Motion for a Temporary Restraining Order is Moot.

An inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Davila v. Marshall, No. 15-10749, 2016 WL 2947929, at *2 (11th Cir. May 20, 2016); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, Plaintiff seeks injunctive relief related to his living conditions while incarcerated first at Johnson State Prison, and then at Hayes State Prison. (See doc. nos. 9, 10.) However, Plaintiff is no longer at either facility, and was transferred to Baldwin State Prison on March 16, 2017. (Doc. no. 17.) Plaintiff has provided no indication that officials at Baldwin State Prison have disregarded his front-cuff profile, and Defendants have indicated Plaintiff has been provided numerous accommodations for his shoulder while detained at Baldwin State Prison. (Doc. no. 32-3.) Finally, there is no indication Plaintiff will return to either Johnson or Hayes State Prison.

Furthermore, the medical evidence demonstrates Defendants have provided Plaintiff with his requested relief by providing him with a physical examination by a qualified orthopedic physician, and reasonable accommodations for his medical needs. Plaintiff has been seen by Dr. Washington, an outside orthopedist, and is currently undergoing a treatment plan. (See generally doc. no. 32-1.) Baldwin State Prison has provided Plaintiff with numerous accommodations, including a front-cuff profile, a bottom bunk profile, a shoulder immobilizer, and a foam wedge/pillow. (Doc. no. 32-3.) Accordingly, Plaintiff's motion for a temporary restraining order demanding a physical examination by an orthopedic shoulder specialist, a treatment plan, and reasonable accommodations, fails to present a "live controversy . . . to which the court can give meaningful relief," and is therefore moot. See Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009).

### B. Plaintiff's Motion for a Temporary Restraining Order Would Be Subject to Denial Even if it Were Not Moot.

Plaintiff would not be entitled to injunctive relief even if his motion was not moot. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief.  First, Plaintiff has not demonstrated a likelihood of success on the merits.  To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that:  (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

Here, Plaintiff offers nothing more than his own self-serving allegations that Defendants acted with deliberate indifference to his medical needs, had subjective knowledge of a risk of serious harm, and consciously disregarded that risk.  (See doc. nos. 9, 10.)  However, to demonstrate a substantial likelihood of success on the merits, Plaintiff must provide "substantial evidence" that prison officials acted improperly.  Amerson v. Sellers, No. 5:15-CV-8 MTT, 2015 WL 631994, at *3 (M.D. Ga. Feb. 13, 2015) (citing Bell v. Wolfish, 441 U.S. 520 (1979)).  Conclusory allegations of wrongdoing do not qualify as substantial evidence, and do not establish a substantial likelihood of success on the merits.  Jackson v. Georgia Dep't of Corr., No. 5:14-CV-37 MTT, 2014 WL 1247829, at *2 (M.D. Ga. Mar. 25, 2014) (denying motion for injunctive relief where Plaintiff's motion was supported only by "self-serving, conclusory allegations."); Coleman v. Allen, No. 2:09-cv-311-TMH, 2009 WL 3010743 at *2 (M.D. Ala. Sept. 18, 2009) (same).  Similarly, Plaintiff has not provided any evidence that his shoulder condition qualifies under the Americans with Disabilities Act, or the Rehabilitation Act.  Because Plaintiff has not demonstrated a substantial likelihood of success on the merits, he has failed to satisfy the first prong necessary for the injunctive

relief he seeks.

Additionally, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted.  In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent."  <u>Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.</u>, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting <u>Tucker Anthony Realty Corp. v. Schlesinger</u>, 888 F.2d 969, 973 (2nd Cir. 1989)); <u>see also</u> <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury.").

Since his transfer to Baldwin State Prison, Plaintiff has not demonstrated a real and immediate threat of future injury.  Plaintiff has not alleged officials at Baldwin State Prison will not honor his front-cuff profile.  Instead, as the evidence demonstrates, Plaintiff is being given numerous accommodations for his shoulder, including a front-cuff profile, a bottom bunk profile, a shoulder immobilizer, and a foam wedge/pillow.  (Doc. no. 32-3.)  The evidence further shows Plaintiff has been seen by numerous medical professionals, including an orthopedist who is currently treating Plaintiff's shoulder.  (Doc. no. 32-1, pp. 2-6.)  Accordingly, Plaintiff has not shown an imminent threat of irreparable harm.

Plaintiff also fails to establish the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and the injunction would not be adverse to the public interest.  Although Plaintiff contends his suffering outweighs the harm to Defendants if the injunction is granted, and it is "always in the public interest for prison officials to obey the law," these conclusory allegations do not establish the need for an injunction.  Simply put, the

law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons absent extraordinary circumstances not present here.  See Bell, 441 U.S. at 547.  Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motion.

### C. Plaintiff is Not Entitled to Relief Pursuant to Federal Rule of Civil Procedure 64.

Pursuant to Federal Rule of Civil Procedure 64, Plaintiff moves for the appointment of a receiver, as well as seizure and deposit into the Court of Defendants' assets to assure satisfaction of any judgment he may receive.  (Doc. no. 13.)  Rule 64 provides federal courts with remedies under state law of the state where the court is located.  Fed. R. Civ. P. 64(a).  It is state law that determines the availability of "prejudgment remedies for the seizure of person or property to secure satisfaction of a judgement ultimately entered."  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 436 n.10 (1974).

Here, Plaintiff provides no Georgia authority allowing for pre-judgment seizure.  Indeed, established Georgia law suggests a pre-judgment injunction to seize a defendant's assets is improper.  See Hous. Auth. v. MMT Enterprises, Inc., 475 S.E.2d 642, 642 (Ga. 1996) (finding trial court's issuance of mandatory interlocutory injunction requiring party to deposit money into court escrow account was improper); Patel v. Alpha Inv. Properties, Inc., 458 S.E.2d 476, 476 (Ga. 1995) (finding trial court's appointment of receiver and direction that funds be transferred to court registry was improper); see also Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1530 (11th Cir. 1994) ("We repeat:  preliminary injunctive relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for

7

money damages is simply not an appropriate exercise of a federal district court's authority.").

Furthermore, a court's authority to appoint receivers requires exceptional circumstances not present in this case, such as when there is danger of loss, destruction or material injury. See O.C.G.A. §§ 9-8-3, 9-8-4. Here, if Plaintiff were to prevail at trial, any judgment would be satisfied by the State of Georgia through the Department of Administrative Services. (Doc. no. 31, p. 2.) The assets of the state of Georgia are not in danger of loss or destruction. Accordingly, receivership and seizure of assets are not necessary or proper in the present action, and Plaintiff's motion should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for a temporary restraining order and to seize Defendants' person or property pursuant to Federal Rule of Civil Procedure 64 be **DENIED**. (Doc. nos. 9-1, 9-2, 13.)

SO REPORTED and RECOMMENDED this 11th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA