IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-076 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS; WESLEY O'NEAL, Correctional Unit Manager; FNU POSS, Correctional Officer; FNU SCOTT, Correctional Officer; FNU TAYLOR, Correctional Officer; ELLIS LORGE, Correctional Officer; and JAMES MASON, Correctional Officer, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Baldwin State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events that occurred at Johnson State Prison ("JSP"). He is proceeding *pro se* and *in forma pauperis* ("IFP.") Because Plaintiff is proceeding IFP, he is entitled to rely on the United States Marshal to effect service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Accordingly, on March 17, 2017, the Court directed the Marshal to effect service of process on Defendants. (Doc. no. 16.)

Waivers of service for Defendants Georgia Department of Corrections (GDOC), Lorge, and O'Neal were returned, and these Defendants filed an answer on June 12, 2017.

(Doc. nos. 23, 24, 28, 30.) On July 12, 2017, the Marshal's Returns of Service came back unexecuted for Defendants Scott, Mason, Poss, and Taylor. (Doc. no. 38.) The forms for Defendants Mason and Poss indicate they could not be located because they no longer work at JSP. (Id. at 3, 5.) The forms for Defendants Scott and Taylor indicate they could not be correctly identified. (Id. at 1, 10.)

In Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010), the Eleventh Circuit addressed the propriety of dismissing a defendant in a § 1983 action brought by a *pro se* prisoner proceeding IFP, where the defendant had been dismissed for failing to timely serve the defendant. In Richardson, a prison guard defendant could not be served at the prison because he no longer worked there. Richardson, 598 F.3d at 739-40. In addressing the prisoner-plaintiff's challenge to the dismissal of this defendant, the Eleventh Circuit ruled that "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." Id. The Eleventh Circuit went on to conclude that as long as an incarcerated plaintiff provides enough information to identify a defendant,[1] the Marshal must use "reasonable effort" to locate that defendant and effect service of process before the defendant can be dismissed. Id. at 740.

Here, Plaintiff has provided identifying information that was apparently not used in attempting to effect service on these Defendants. First, although Plaintiff was unable to

---

[1] The Eleventh Circuit quoted with approval language from a Seventh Circuit case that stated, "[T]he prisoner need furnish no more than the information necessary to identify the defendant." Richardson, 598 F.3d at 739 (citing Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)).

ascertain the first names of any unserved defendant, he has provided sufficient information to readily ascertain the identities of Defendants Scott and Taylor. As to these Defendants, Plaintiff states they were both first shift officers assigned to the isolation/segregation unit at Johnson State Prison on or between October 27, 2015 and January 6, 2016. (Doc. no. 22, p. 2.) The allegations in the complaint provide specific dates in which Plaintiff interacted with these Defendants. (Doc. no. 1, p. 18.) For example, Plaintiff states that on December 9, 2015, Officer Scott escorted him to the showers, and on December 11, 2015, Defendant Taylor escorted him to the showers. (Id. at 12, 18.) The Court is convinced this information is sufficient to ascertain the identities of Defendants Scott and Taylor. Thus, reasonable efforts in this instance would include contacting JSP officials with this specific information in order to obtain sufficient information to correctly identify and effect service on Defendants Scott and Taylor.

As for Defendants Mason and Poss, the Court understands that prison officials may not maintain address information for all former employees. However, given their identities have been ascertained, the Marshal should be able to utilize its resources to locate these individuals based on their identities and fact that they were formerly employed at JSP.

Therefore, pursuant to Richardson, *supra*, the Court **DIRECTS** the U.S. Marshal to use reasonable efforts to locate and effect service of process on Defendants Scott, Mason, Poss, and Taylor. As the ninety days allowed for service have expired, the Court **EXTENDS**

3

the deadline for service to sixty-days from the date of this Order.[2] The Court will not, at this time, require the Marshal to attempt personal service. Rather, the Marshal shall attempt service by mail as set forth in the Court's December March 17, 2017 Order. (See doc. no. 16.) The Court further **DIRECTS** the Marshal to notify the Court in writing within **twenty-one days** of the date of this Order as to whether these Defendants have been located.

SO ORDERED this 17th day of July, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Accordingly, the Court **DENIES AS MOOT** Plaintiff's motion for a ninety-day extension of the service deadline. (Doc. no. 29.)