IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-076 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; WESLEY O'NEAL, | ) | |
| Correctional Unit Manager; JOSEPH POSS, | ) | |
| Correctional Officer; JOSEPH SCOTT, | ) | |
| Correctional Officer; ANTONIO TAYLOR, | ) | |
| Correctional Officer; ALEXANDER | ) | |
| TAYLOR, Correctional Officer; | ) | |
| ELLIS LORGE, Correctional Officer; | ) | |
| and JAMES MASON, Correctional Officer,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Baldwin State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events allegedly occurring at Johnson State Prison. Before the Court are Defendants' response to the Court's October 31, 2017 Order, (doc. no. 57), and Plaintiff's Motion for the Court's Help with Copies (doc. no. 59).

---

[1]The Court **DIRECTS** the Clerk to update the name of Antonio Taylor on the docket, consistent with docket number 57.

## I. SERVICE ISSUES

Because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on court officials to effect service. See 28 U.S.C. § 1915(d). On October 31, 2017, the Court directed defense counsel Matthew F. Boyer to inform the Court whether he would accept service for the remaining unserved Defendants: Alexander Taylor, Antonio Taylor, and Joseph Poss. (Doc. no. 56.) On November 13, 2017, defense counsel indicated he would accept service on behalf of Antonio Taylor but not Joseph Poss or Alexander Taylor because he was unable to locate or contact them. (Id.) Therefore, service of process shall be effected on these two Defendants. To allow time for service, the Court **EXTENDS** the deadline for service to forty-five days from the date of this Order.

The Court **DIRECTS** the U.S. Marshal to effect service on Defendant Alexander Taylor in accordance with the Court's March 17, 2017 Order. The United States Marshal shall mail a copy of the complaint (doc. no. 1), the Court's March 17, 2017 Order (doc. no. 16), the Court's October 31, 2017 Order (doc. no. 56), and this Order by first-class mail and request that Defendant Taylor waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2).

Because Defendant Poss had the opportunity but did not waive service, (see doc. no. 48), the Court **DIRECTS** the U.S. Marshal to effect personal service of process on him within twenty-eight days of the date of this Order. Accordingly, the Marshal shall serve on Defendant Poss a summons and complaint notifying him of the lawsuit and giving him

2

twenty-one days to answer, a copy the Court's March 17th Order (doc. no. 16), and a copy of this Order. The Marshal is **FURTHER DIRECTED** to notify the Court within twenty-eight days of the date of this Order whether Defendant Joseph Poss has been located and served.

As stated above, a defendant that fails to comply with a request for waiver must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Thus, as Defendant Poss has failed to waive service, he may be subject to court-imposed expenses pursuant to Fed. R. Civ. P. 4(d)(2)(A) and (B).

## II. DISCOVERY ISSUES

Also before the Court is Plaintiff's Motion for the Court's Help with Copies. (Doc. no. 59.) In his motion, Plaintiff moves for (1) an extension of time to effect service of process on Defendants Poss, Taylor, and Mason; (2) an extension of the discovery period for Defendants GDOC, O'Neal, and Lorge; (3) permission to contact inmates at other facilities for information regarding his case; and (4) a request for copies of litigation material. (Id.) For reasons stated below, the Court **DENIES** Plaintiff's motions to extend the discovery period, contact inmates at other facilities, and request for copies, and **DENIES AS MOOT** Plaintiff's motion for an extension of time to effect service. (Id.)

As noted in the Court's October 31st Order, the discovery period has not yet begun in this case. (Doc. no. 56.) The Clerk of Court has yet to file a Scheduling Notice setting deadlines in the case, including the time limits for the discovery period. Accordingly, the

3

Court **DENIES** Plaintiff's motions for permission to contact inmates at other facilities and to extend the discovery period as premature.

Additionally, Plaintiff requests the Court for copies of legal documents. (Doc. no. 59.) Plaintiff is not entitled to free copies of legal documents. Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ."); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents, including his own pleadings."). Thus, the Court **DENIES** Plaintiff's motion.

Plaintiff also moves for an extension of time to effect service of process on Defendants Poss, Taylor, and Mason. (Doc. no. 59.) Defendant James Mason has waived service and filed an answer. (Doc. nos. 51, 53.) Above, the Court extends the service period for Defendants Joseph Poss and Alexander Taylor to allow the Marshal to effect service on these defendants. Accordingly, Plaintiff's motion is **DENIED AS MOOT**.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motions to extend the discovery period, contact inmates at other facilities, and request for copies (doc. no. 59), **DENIES AS MOOT** Plaintiff's motion for an extension of time to effect service (doc. no. 59), **EXTENDS** the service deadline to forty-five days from the date of this Order, and **DIRECTS** the U.S. Marshal to effect service on Defendants Alexander Taylor and Joseph

Poss as described above.

SO ORDERED this 21st day of November, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA