IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-076 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; WESLEY O'NEAL, | ) | |
| Correctional Unit Manager; JOSEPH POSS, | ) | |
| Correctional Officer; JOSEPH SCOTT, | ) | |
| Correctional Officer; ANTONIO TAYLOR, | ) | |
| Correctional Officer; ALEXANDER | ) | |
| TAYLOR, Correctional Officer; | ) | |
| ELLIS LORGE, Correctional Officer; | ) | |
| and JAMES MASON, Correctional Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Baldwin State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events allegedly occurring at Johnson State Prison. On November 21, 2017, the Court extended the deadline for service forty-five days in order to accomplish service on the two remaining unserved Defendants: Joseph Poss and Alexander Taylor. (Doc. no. 60.) The Court directed the U.S. Marshal to effect personal service on Defendant Poss and to request Defendant Taylor to waive formal service of the summons. (Id.) On December 15, 2017, Defendant Poss was served, (doc. no. 64), and he filed an answer on January 4, 2018 (doc. no. 65). The U.S. Marshal requested Defendant Taylor waive service, but the request was returned as unexecuted on January 10, 2018. (Doc. no. 66.) Although this case is well over one year old, it remains stalled dealing with service issues.

Because Defendant Taylor did not waive service, the Court **DIRECTS** the U.S. Marshal to effect personal service of process on him within twenty-eight days of the date of this Order. Accordingly, the Marshal shall serve on Defendant Taylor a summons and complaint notifying him of the lawsuit and giving him twenty-one days to answer, a copy the Court's March 17th Order (doc. no. 16), a copy of the Court's November 21st Order (doc. no. 60), and a copy of this Order. The Marshal is **FURTHER DIRECTED** to notify the Court within twenty-eight days of the date of this Order whether Defendant Taylor has been located and served. To allow time for service, the Court **EXTENDS** the deadline for service to twenty-eight days from the date of this Order.

A defendant that fails to comply with a request for waiver must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Thus, as Defendant Taylor has failed to waive service, he may be subject to court-imposed expenses pursuant to Fed. R. Civ. P. 4(d)(2)(A) and (B).

As all remaining Defendants other than Taylor have been served and filed an answer, the case is ready to proceed. Accordingly, the Court **DIRECTS** the Clerk of Court to issue a scheduling order detailing discovery deadlines.

SO ORDERED this 23rd day of January, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA